IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

THEOPHUS DAVISON, #056894,
    Petitioner,

vs.                                      Case No.:  3:05cv99/RV/EMT

JAMES V. CROSBY,
    Respondent.
_____/

**REPORT AND RECOMMENDATION**

    Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1).  Respondent filed a motion to dismiss the petition as untimely (Doc. 10).  Petitioner has filed a reply to the motion (Doc. 14).  This Report and Recommendation addresses solely the timeliness of the instant petition pursuant to 28 U.S.C. § 2244.

    The procedural background of this case is undisputed.  Petitioner is a state inmate serving a sentence of life imprisonment for armed robbery and a consecutive term of fifteen (15) years of incarceration for aggravated battery, imposed in the Circuit Court in and for Escambia County, Florida on July 6, 1976 (Doc. 1, Ex. A at 12-15; Doc. 11, Ex. E at 12-15).  Petitioner states he directly appealed his conviction and sentence, but the Florida First District Court of Appeal affirmed per curiam on August 6, 1976 (Doc. 1 at 2).

    On October 17, 2003, Petitioner filed a motion to correct illegal sentence pursuant to Rule 3.800(a) of the Florida Rules of Criminal Procedure, which was denied by the trial court on February 11, 2004 (Doc 1 at 2; Doc. 11, Ex. E at 2-23). Petitioner appealed the decision to the Florida First District Court of Appeal, which affirmed the decision per curiam without opinion on May 19, 2004, with the mandate issuing July 12, 2004 (Doc. 1 at 3; Doc. 11, Ex. F).  Davison v. State of Florida, 875 So.2d 1241 (Fla.1st DCA May 19, 2004) (Table).

Petitioner filed the instant federal habeas petition on March 14, 2005 (Doc. 1 at 6). He challenges the legality of his life sentence on the ground that it exceeded the statutory maximum.

Pursuant to the requirements set forth in 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L.No. 104-132, 110 Stat. 1214, which became effective on April 24, 1996, a one year period of limitation applies to the filing of habeas petitions by person in custody pursuant to a state court judgment. The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2244(d)(1).

Petitioner does not dispute Respondent's assertion that his conviction became final prior to the AEDPA's effective date; therefore, in keeping with the one year grace period allowed for convictions pre-dating the AEDPA, *see* Wilcox v. Florida Dep't of Corrections, 158 F.3d 1209, 1210 (11th Cir. 1998), *cert. denied*, 531 U.S. 840, 121 S.Ct. 103, 148 L.Ed.2d 62 (2000), Petitioner had until April 23, 1997, to file his federal habeas petition. Petitioner's later filed state postconviction motion did not toll the filing period because the filing period had already expired. Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir.), *cert. denied*, 531 U.S. 991, 121 S.Ct. 481, 148 L.Ed.2d 454 (2000). Therefore, Petitioner's habeas petition, filed on March 14, 2005, was obviously untimely.

In his reply, Petitioner argues that the AEDPA does not prohibit federal habeas relief in the case of a "truly illegal sentence" (Doc. 14 at 5). He additionally argues his federal petition is timely because it was filed within one year of the date the denial of his state postconviction motion became final (*id*. at 8-9). Petitioner's arguments are without merit, since the AEDPA clearly imposes a time

limitation on the filing of such postconviction challenges as Petitioner raises. Furthermore, it is well established that the language of section 2244(d)(1)(a) refers to the date on which the judgment of <u>conviction</u> became final, not the date on which the judgment regarding a postconviction motion became final. *See* <u>Carey v. Saffold</u>, 536 U.S. 214, 122 S.Ct. 2134, 2135, 153 L.Ed.2d 260 (2002). Moreover, Petitioner does not suggest, nor does he allege facts to demonstrate, that he is entitled to equitable tolling of the limitation period. Therefore, Petitioner's federal habeas petition is time-barred.

Based upon the foregoing, this court concludes that the instant petition is untimely pursuant to 28 U.S.C. § 2244(d).

Accordingly, it is respectfully **RECOMMENDED**:

1. That Respondent's motion to dismiss (Doc. 10) be **GRANTED**.
2. That the petition for writ of habeas corpus (Doc. 1) be **DISMISSED** with prejudice.

**DONE AND ORDERED** this <u>12th</u> day of September 2005.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636;** <u>United States v. Roberts</u>**, 858 F.2d 698, 701 (11th Cir. 1988).**